IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DENNIS LOCK**,

        Plaintiff,

v.

**UNITED STATES**,

        Defendant.

_____

**Civ. No. 6:14-cv-00644-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff, *pro se*, brings this motion to proceed *in forma pauperis*, ECF No. 2, and an action against the United States. Plaintiff's complaint, ECF No. 1, asserts at least two causes of action, including: (1) a First Amendment claim and (2) a claim for Treason.[1]

This Court may dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Upon review, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

## STANDARD OF REVIEW

---

[1] Plaintiff's complaint caption includes: Unconstitutional Law (Ruling); First Amendment; Jurisdiction; Violates Federal Rules of Evidence Concerning the Use of Words and Phrases; and Treason. Pl.'s Compl. 1, ECF No. 1.

1 – OPINION AND ORDER

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (citations and internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id.*

## DISCUSSION

Per complaint, ECF No. 1, plaintiff seeks to "secure tax exemption from the [Internal Revenue Service (IRS)] for a small Church" founded by plaintiff. This Court will assess the adequacy of plaintiff's complaint.

Plaintiff asserts at least two causes of action, including: (1) a First Amendment claim and (2) a claim for Treason. This Court, in *Lock v. California*, Civ. No. 6:13-cv-2091-MC, 2014 WL 116435, *2 (D. Or. Jan. 6, 2014), previously explained to plaintiff that Misprision of treason, 18 U.S.C. § 2382, "is a criminal statute that does not provide plaintiff with a private cause of action."

As to plaintiff's remaining claim(s) under the First Amendment, this Court will assess the sufficiency of plaintiff's allegations. To survive this assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court must assume that the allegations contained in the complaint are true. *Id.*

2 – OPINION AND ORDER

Turning to plaintiff's complaint, his principle concern appears to be that the IRS did not grant plaintiff's Church a 26 U.S.C. § 501(c)(3)[2] tax exemption and more broadly, that the IRS violated his rights under the First Amendment.

As to the tax exemption denial, the IRS is empowered to deny exemption "under section 502 [and] 503." Under 26 U.S.C. § 502(a), "[a]n organization operated for the primary purpose of carrying on a trade or business for profit shall not be exempt . . . ." Likewise, 26 U.S.C. § 503 excludes certain qualifying entities (e.g., a trust) that engage in prohibited transactions. Plaintiff's Church, not plaintiff himself, may challenge his Church's 26 U.S.C. § 501(c)(3) denial under 26 U.S.C. § 7428.[3] However, even had plaintiff's Church brought this claim, this Court still "is not a proper forum for a section 7428 action, because that section authorizes only three specific federal courts to entertain such actions: the Tax Court, the Court of Claims, and the District of Columbia." *Church of the New Testament*, 783 F.2d at 773. Thus, this Court lacks subject matter jurisdiction over plaintiff's allegations relating to his Church's 26 U.S.C. § 501(c)(3) exemption denial.

As to plaintiff's remaining First Amendment claim, he does not specify whether (or if) he seeks relief under either the Free Exercise Clause or the Establishment Clause. Rather, plaintiff focuses on his Church's denied exemption status and his concerns about the appellate proceedings afforded in California. *See* Pl.'s Compl. 1, ECF No. 1. To the extent that plaintiff's allegations are limited to the 26 U.S.C. § 501(c)(3) denial itself, these allegations are insufficient

---

[2] A 26 U.S.C. § 501(c)(3) organization includes:

> Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety . . . .

[3] Importantly, plaintiff is not a proper petitioner "in a section 7428 action, because a section 7428 pleading may be filed 'only by the organization the qualification or classification of which is at issue.'" *Church of the New Testament*, 783 F.2d 771, 773 (9th Cir. 1986) (citing 26 U.S.C. § 7428(b)(1)).

3 – OPINION AND ORDER

to "nudge[] [his] claims across the line" to plausible. *Twombly*, 550 U.S. at 570.[4] Looking forward, plaintiff's amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). As indicated above, plaintiff is not entitled to relief in this Court merely because his Church was denied a 26 U.S.C. § 501(c)(3) exemption. Instead, "[w]here the claim is invidious discrimination in contravention of the First . . . Amendment," plaintiff "must plead sufficient factual matter to show that [the defendant] adopted and implemented the [violative] policies at issue not for a neutral . . . reason but for the purpose of discriminating on account of . . . religion . . . ." *Iqbal*, 556 U.S. at 667 (citations omitted). Accordingly, plaintiff's complaint is DISMISSED with leave to amend. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

## CONCLUSION

For these reasons, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend. **Plaintiff is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies identified above**.

IT IS SO ORDERED.

DATED this 29th day of April, 2014.

                        _____s/Michael J. McShane_____
                                **Michael J. McShane**
                         **United States District Judge**

---

[4] "As long as exemptions are denied . . . on a nondiscriminatory basis using specific and reasonable guidelines and without inquiry into the merits of the particular religious doctrines, the withholding of religious exemptions is permissible under the Constitution." *Living Faith v. Comm'r of Internal Revenue*, 950 F.2d 365, 376 (7th Cir. 1991) (citations and quotation marks omitted).